UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JOSHUA THOMAS FRIAR,

        Plaintiff,

    v.

AMY WRAY, Legal Library Services Manager; TOSHA HICKEY, Legal Library Services Supervisor; TESS HARN, TRCI Law Librarian; NEYRA CHAVEZ-LOPEZ, TRCI Law Librarian; TRISH HOUTZ, TRCI Law Librarian,

        Defendants.

Case No. 2:23-cv-00004-AA

ORDER

AIKEN, District Judge.

        Plaintiff, an adult in custody at Two Rivers Correctional Institution (TRCI), filed this action pursuant to 42 U.S.C. § 1983 and alleged that defendants retaliated against him in violation of his First Amendment rights by removing him from a prison library job after he filed grievances and complaints against prison officials. Plaintiff now moves for a preliminary

1 - ORDER

injunction requiring defendants to refrain from housing plaintiff "with other inmates known to pose a risk," including "gang members" and "white supremacists." Pl.'s Mot. at 1 (ECF No. 13). Plaintiff alleges that he is at risk from assault by prison gang members and that unnamed prison officials have placed him in unsafe housing situations. Plaintiff argues that he will suffer irreparable harm if TRCI officials are not enjoined from housing him with inmates who may harm him.

To obtain preliminary injunctive relief, plaintiff must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1135 (9th Cir. 2011).

Plaintiff cannot show a likelihood of success on the merits because the injunctive relief he seeks is unrelated to the claims of First Amendment retaliation raised in this in this action. As noted above, plaintiff alleges that defendants retaliated against him by terminating him from a law library position because of his prior grievances and litigation against prison officials. In contrast, plaintiff's request for preliminary injunctive relief implicates unasserted claims of deliberate indifference and failure to protect.

Plaintiff nevertheless maintains that his requested injunctive relief is sufficiently related to his underlying claims. Plaintiff emphasizes that his Complaint alleges that he was removed from "incentive housing" and placed with a cellmate who had a history of violence when he was

2 - ORDER

terminated from his TRCI library job. Mem. in Supp. of Compl. at 3 (ECF No. 2). Plaintiff's Complaint also requests that the Court order TRCI officials "to cease any and all retaliatory actions against the Plaintiff and to completely restore his position in both work and housing." Compl. at 11 (ECF No. 2). Plaintiff argues that, liberally construed, the preliminary injunctive relief he seeks corresponds with his prayer for the "restoration" of his previous housing assignment. I am not persuaded.

The nature of plaintiff's requested relief in no way establishes a likelihood of success on the merits regarding the First Amendment claims raised in this action; in fact, plaintiff presents no argument or evidence to support the merits of his claims. Furthermore, plaintiff's requested preliminary injunctive relief would enjoin TRCI officials who make housing assignments, and those officials are not parties to this action. Accordingly, because plaintiff's motion for preliminary injunction implicates claims and TRCI officials different from those identified in his Complaint, plaintiff cannot establish a likelihood of success on the merits and this Court cannot order the relief plaintiff seeks. *See Pacific Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("A court's equitable power lies only over the merits of the case or controversy before it. When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").

Finally, plaintiff cannot show that the balance of hardships and public interest tip in his favor because he previously filed a pending state action challenging his current housing assignment and cellmates. *See Friar v. Reyes*, Case No. 23CV001961. In his state action, plaintiff requests that Umatilla County Circuit Court grant injunctive relief preventing TRCI officials from placing plaintiff in "housing situations where it is known that [he] will be assaulted by gang members." Defs.' Response Ex. 1 at 10 (ECF No. 19-1). I agree with

3 - ORDER

defendants that a duplicate federal proceeding is not in the public interest and weighs against a showing of irreparable harm.

## CONCLUSION

For the reasons explained above, plaintiff's Motions for Preliminary Injunction (ECF Nos. 13, 17) are DENIED.

IT IS SO ORDERED.

DATED this __7th__ day of July, 2023.

_/s/Ann Aiken_
ANN AIKEN
United States District Judge

4 - ORDER